FILED
United States Court of Appeals
Tenth Circuit

July 16, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

AIR METHODS CORPORATION,

Plaintiff-Appellee,

v.

OFFICE AND PROFESSIONAL
EMPLOYEES INTERNATIONAL
UNION; OFFICE AND
PROFESSIONAL EMPLOYEES
INTERNATIONAL UNION,
LOCAL NO. 109,

Defendants-Appellants.

No. 08-1442
(D.C. No. 1:07-CV-02025-WDM-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

Plaintiff-appellee Air Methods Corporation filed a complaint in federal

district court seeking to vacate an arbitration award issued pursuant to the

Railway Labor Act, 45 U.S.C. §§ 151-188, in favor of defendants-appellants

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Office and Professional Employees International Union ("OPEIU") and Office and Professional Employees International Union, Local 109 ("Local 109") (collectively referred to by the parties as "the Union").[1]  On cross-motions, the district court granted Air Methods summary judgment and vacated the arbitration award.  In so doing, the court concluded that the arbitration award "did not draw its essence from the CBA because it [was] contrary to the express language of the contract and [was] without factual support in light of the working and purpose of . . . the agreement as shown by the language, context, past practice, and negotiating history."  App. at 258.  The Union appeals, contending the district court violated "fundamental principles" applicable to "the review of arbitration awards."  Aplt. Op. Br. at 8.

Our jurisdiction arises under 28 U.S.C. § 1291.  "We review the district court's summary judgment decision *de novo*, applying the same legal standard used by [that court under Fed. R. Civ. P. 56(c)]."  *Ripley v. Wyo. Med. Ctr., Inc.*, 559 F.3d 1119, 1121 (10th Cir. 2009).  We are mindful—as was the district court—that judicial review of an arbitral decision is "'among the narrowest known to the law.'"  App. at 253 (quoting *LB & B Assocs. v. Int'l Bhd. of Elec.*

---

[1]     Air Methods is an air carrier within the meaning of 45 U.S.C. § 181. Certain of its employees, who provide contract air medical transport services, are represented by OPEIU and Local 109.  Air Methods, OPEIU, and Local 109 are parties to a collective bargaining agreement ("CBA") governing Air Methods's pilots' wages, hours, and working conditions.

*Workers*, 461 F.3d 1195, 1197 (10th Cir. 2006)).  Thus, so long "as the

arbitrator's decision concerns construction of the [CBA], the courts have no

business overruling [the arbitrator] because their interpretation of the [CBA]

differs." *Local No. 7 United Food & Commercial Workers Int'l Union v. King

Soopers, Inc.*, 222 F.3d 1223, 1226 (10th Cir. 2000).

> Nonetheless, an arbitrator is confined to interpretation and
> application of the collective bargaining agreement; he does not sit to
> dispense his own brand of industrial justice, . . . . his award is
> legitimate only so long as it draws its essence from the collective
> bargaining agreement.

*Id.* at 1227 (citation and quotation omitted).  An award does not draw its essence

from the CBA where

> it is contrary to the express language of the [CBA] . . . or . . . is so
> unfounded in reason and fact, so unconnected with the working and
> purpose of the agreement as to manifest an infidelity to the
> obligation of the arbitrator . . . . [or] if viewed in the light of its
> language, its context, and any other indicia of the parties' intention,
> it is without factual support.

*Id.* (quotation omitted).

The parties are familiar with the facts and procedural history of this case,

the district court detailed both, and we need not restate that material here.  Having

reviewed the briefs, the record, and the applicable law pursuant to the

above-mentioned standards, we conclude that the Union has not shown any

reversible error in this case.  We therefore AFFIRM the judgment of the district

court for substantially the same reasons stated in its Order on Motions for

Summary Judgment filed October 15, 2008.

Entered for the Court


Monroe G. McKay
Circuit Judge